```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

JOHN PIERCE, CARLUS PUCHEU,              CIVIL ACTION
and RICHARD OSBORNE
                                         NO. 07-3263
VERSUS
                                         SECTION B(4)
FIVE B'S, INC., KIRBY INLAND MARINE,
and VERSATILITY MARINE
```

ORDER AND REASONS

Before the Court is Defendant Five B's, Inc.'s Motion to Dismiss Defendant Versatility Marine's Cross Claim against it for failure to state a claim upon which relief may be granted. (Rec. Doc. 43). After review of the pleadings, attachments, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Defendant Five B's, Inc.'s Motion To Dismiss Defendant Versatility Marine's Cross Claim is **GRANTED in part and DENIED in part.**

*BACKGROUND*

On May 25, 2007, a vessel owned and operated by Versatility Marine, LLC ("Versatility"), the M/V SACRED HEART, allided with a stationary vessel owned and operated by Five B's, Inc. ("Five B's"), the M/V LES BARROIS. At all relevant times, the M/V LES BARROIS was moored and lighted according to Coast Guard regulations. Plaintiffs, John Pierce, Carlus Pucheu, and Richard Osborne, were on board the M/V LES BARROIS when the allision

1

occurred.  Plaintiffs filed an action against Five B's, Inc., Versatility, and Kirby Inland Marine for damages from personal injuries allegedly sustained in the incident.  Plaintiffs have dismissed all but their maintenance and cure claims against Five B's.  Subsequently, Versatility filed a cross claim against Five B's alleging negligence and unseaworthiness on the part of Five B's.  (Rec. Doc. 43).

### *DISCUSSION*

I. 12(b)(6) Standard

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is disfavored and should not be granted unless "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In analyzing a 12(b)(6) motion, the court must liberally construe the complaint in favor of the plaintiff and assume that all facts pleaded in the complaint are true. *See Brown v. Nationsbank Corp.*, 188 F.3d 579, 585 (5th Cir. 1999).  The issue is not whether the plaintiff will ultimately prevail, but "whether, in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  *Id.* at 586 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 at 601 (1969)); *Doe v. Hillsboro Independent School Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996).  Thus, a court

should not dismiss a claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint. *Vander Zee v. Reno,* 73 F.3d 1365, 1368 (5th Cir. 1996).

II. Indemnity

Comparative fault is used to apportion liability in maritime cases "when two or more parties have contributed by their fault to cause property damage in a maritime collision or stranding." *U.S. v. Reliable Transfer Co.*, 421 U.S. 397, 411 (1975). "[L]iability for such damage is to be allocated among the parties proportionately to the comparative degree of their fault...." *Id.* Further, the United States Court of Appeals for the Fifth Circuit recognized that "the Supreme Court abandoned the archaic concept of tort indemnity and replaced it with the doctrine of comparative fault. Indemnity between liable maritime tortfeasors is now available only 'where proportionate degrees of fault cannot be measured and determined on a rational basis.'" *Hardy v. Gulf Oil Corp.*, 949 F.2d 826, 833 (5th Cir. 1992)(*quoting Reliable Transfer Co.*, 421 U.S. at 405).

The present case is a maritime personal injury case; thus comparative fault, rather than indemnity, is the proper way to allocate damages. Although Versatility argues that the Supreme Court's holding in *Reliable Transfer* is only applicable to cases of property damage, this assertion overlooks the multiple cases in

which comparative fault is applied to maritime personal injury cases. *See, e.g., Leger v. Drilling Well Control, Inc.*, 592 F.2d 1246, 1249 (5th Cir. 1979).

There are three exceptions to the comparative fault system under maritime law where indemnity is properly applied: 1) when a vicariously liable or non-negligent tortfeasor is entitled to indemnity from a co-debtor who is actually at fault; 2) when a vessel owner is entitled to indemnity from the stevedore who breached an implied warranty of workmanlike performance; and 3) when there is a clear and unambiguous indemnity provision in a maritime contract. *Hardy*, 949 F.2d at 833-35. Because none of these three exceptions are present here, Versatility does not have a valid claim for indemnity against Five B's.

III. Contribution

In Versatility's cross claim, Versatility argues for both indemnity and/or contribution. (Rec. Doc. 42). The right to contribution is an established right: "In admiralty, however, a limited right to contribution has been recognized for more than 135 years." *Great Lakes Dredge & Dock Co. v. Tanker*, 957 F.2d 1575, 1578 (11th Cir. 1992) (*citing The Schooner Catharine v. Dickinson*, 58 U.S. 170 (1855)). The Supreme Court applied the right to contribution among joint tortfeasors to maritime personal injury cases in *Cooper Stevedoring Co. v. Fritz Kopke, Inc.*, 417 U.S. 106 (1974). *See Great Lakes Dredge & Dock Co.*, 957 F.2d at 1578

(noting Supreme Court's application of the right to contribution).

Unlike indemnity claims, contribution claims in general maritime law are valid as long as they are against a joint tortfeasor who is not statutorily immune from suit. *Cooper Stevedoring Co.*, 417 U.S. at 109-10. For example, *In re Two-J Ranch, Inc.* involved one party filing a motion to dismiss the cross-claims filed by the other parties because there was no right to indemnity under maritime law. 534 F. Supp. 2d 671, 689 (W.D. La 2008). Although the court agreed that there was no right to indemnity under maritime law, it denied the motion to dismiss because the motion did not address the contribution claim. *Id.* The court stated that because the cross claimants may share "a common legal liability" they could each be eligible for contribution claims against the other. *Id.* (*citing Simeon v. T. Smith & Son, Inc.*, 852 F.2d 1421 (5th Cir. 1988)).

Claims for contribution are typically made after liability is apportioned or some of the parties have settled. *See Hardy*, 949 F.2d at 835. After liability is apportioned, plaintiffs "obtaining a money judgment against two jointly responsible wrongdoers may choose to seek satisfaction of the full amount from either one, regardless of the comparative degree of fault." *Miller v. Christopher*, 887 F.2d 902, 904 (9th Cir. 1989). The Ninth Circuit further explained: "Contribution provides the appropriate device in such circumstances for adjusting damages to achieve liability based

on proportionate fault." *Id.* Thus, contribution may be used to enforce a comparative fault judgment. *Id.*

In its motion to dismiss, Five B's lumps the indemnity and contribution claims together instead of dealing with each one separately. (Rec. Doc. 43). Liberally speaking, Versatility uses cross claim for contribution to ensure that comparative fault is used to apportion liability. Five B's attempts to defeat the contribution claim by offering deposition testimony of Plaintiff Richard Osborne. Osborne maintains he has not asserted any negligence or unseaworthy claims against Five B's. (Rec. Doc. 47). However, the deposition testimony of one of the plaintiffs does not establish that Versatility is not entitled to contribution from Five B's. With apportionment of liability yet to be determined, dismissing the contribution claim at this juncture would be premature. Because Five B's is not immune from negligence or unseaworthy claims brought by its employees, Versatility may have an arguable claim for contribution.

Under general maritime law, Versatility does not have any right to indemnity from Five B's. Nor did Five B's owe any duty of seaworthiness to Versatility. However, Versatility may have a valid contribution claim against Five B's depending on the comparative fault determination.

Accordingly,

**IT IS ORDERED** that Defendant Five B's, Inc.'s Motion To

Dismiss Defendant Versatility Marine's Cross Claim is **GRANTED in part and DENIED** in part in accordance with the above-expressed findings.

New Orleans, Louisiana, this 27th day of August, 2008.

*[signature]*
UNITED   STATES   DISTRICT   JUDGE